**Bomikazi Rochelle MBANA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–75008.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed June 30, 2008.

John Richard Smith, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Robert N. Markle, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, HAWKINS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Bomikazi Rochelle Mbana, a native and citizen of South Africa, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision finding her inadmissible to enter the United States. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law, *Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005), and review for substantial evidence the agency's findings of fact, *Moran v. Ashcroft,* 395 F.3d 1089, 1091 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the IJ's determination that Mbana was inadmissible for alien smuggling as defined in 8 U.S.C. § 1182(a)(6)(E)(i), because her signed sworn statement, the government's report of investigation, and the Record of Deportable/Inadmissible Alien demonstrate that she knowingly assisted her passenger's attempt to enter the United States in violation of law. *See Urzua Covarrubias v. Gonzales,* 487 F.3d 742, 748–49 (9th Cir.2007).

Substantial evidence supports the IJ's determination that Mbana made a false claim to citizenship at the border, because her signed sworn statement, the Record of Deportable/Inadmissible Alien, and the border officers' testimony reflect the false statement. *See Blanco v. Mukasey,* 518 F.3d 714, 720–21 (9th Cir.2008) (alien's signed sworn statement and testimony of two border officers is substantial evidence of false claim to citizenship). Her attempt to impeach that evidence is unconvincing. *See id.* at 721. Moreover, substantial evidence supports the IJ's decision to credit the sworn statement and border officers' testimony over petitioner's inconsistent and implausible testimony. *See Wang v. INS,* 352 F.3d 1250, 1258–59 (9th Cir. 2003).

Mbana contends that the IJ violated due process by declining to rule on her motion for judgment at the end of the government's case in chief. Contrary to her contention, the proceedings were not "so fundamentally unfair that she was prevented from reasonably presenting her case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

